# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CATHINE LAVINA SELLERS, | : | MOTION TO VACATE |
| BOP # 70881-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CRIMINAL NO. |
| v. | : | 1:17-CR-241-LMM-JKL-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:18-CV-4284-LMM-JKL |

## FINAL REPORT AND RECOMMENDATION

Movant, Cathine Lavina Sellers, confined in the Federal Prison Camp in Alderson, West Virginia, submitted a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate"). [Doc. 52-1.] The Government filed a motion to dismiss [Doc. 56], and Movant filed a response in opposition [Doc. 58]. For the reasons given below, the undersigned recommends that the Government's motion to dismiss be granted.

I.   Discussion

On January 30, 2018, Movant pleaded guilty to possession with intent to distribute furanyl-fentanyl, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). [Docs. 16, 40.] On May 24, 2018, the District Court filed the Judgment and Commitment, sentencing Movant to thirty-six months of imprisonment followed by three years of

supervised release. [Doc. 46.] Movant did not appeal. [Doc. 52-1 at 2.] Movant timely executed her motion to vacate on September 4, 2018. [*Id.* at 13.] Movant claims that she received an improper sentencing enhancement for possession of a firearm. [*Id.* at 14-15.]

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for [her] default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [the movant] or [her] counsel from raising [the] claims on direct appeal and that this factor cannot be fairly attributable to [the movant's] own conduct." *Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004) (per curiam). To demonstrate actual prejudice, a movant must show that the alleged error "worked to [her] *actual* and substantial disadvantage, infecting [her] entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

2

As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234-35 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation marks omitted). "Actual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n.18 (internal quotation marks omitted).

Movant's ground for relief is procedurally defaulted because she failed to (1) raise it on direct appeal, or (2) either (a) show cause and actual prejudice, or (b) proof of actual innocence. Even if Movant had overcome her default, the Government correctly explains in its motion to dismiss that Movant's ground for relief would nevertheless fail because her plea agreement contains a valid appeal waiver. [Doc. 56 at 1-10.]

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). "[T]he government must show that either (1) the district court specifically questioned [Movant] concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that [Movant] otherwise understood the full

3

significance of the waiver." *Id.* (quoting *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993)).

Movant's plea agreement contains the following appeal waiver:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, [Movant] voluntarily and expressly waives the right to appeal her conviction and sentence and the right to collaterally attack her conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Movant] may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the district court. . . .

[Doc. 40-1 at 12.] Movant signed the agreement, indicating that she (1) read and understood its terms and conditions, and (2) consented to them. [*Id.* at 15.] The District Court specifically questioned Movant regarding the appeal waiver during the plea colloquy, and Movant indicated that she understood she was giving up her right to appeal as specified in the plea agreement. [Doc. 56-1 at 20-22.] Therefore, Movant's appeal waiver is valid.

Accordingly, the undersigned recommends that the Government's motion to dismiss be granted.

4

AO 72A
(Rev.8/82)

II. <u>Certificate of Appealability</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

5

A certificate of appealability should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, Movant is advised that she "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

III. Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that (1) the Government's motion to dismiss [Doc. 56] be **GRANTED**, (2) the motion to vacate [Doc. 52-1] be **DISMISSED**, and (3) a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the motion to vacate to the undersigned.

**IT IS SO RECOMMENDED**, this 18th day of January, 2019.

                                                                JOHN K. LARKINS III
                                                                UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)